UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FORUSALL, INC.,<br><br>       *Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR and MARTIN J. WALSH, in his official capacity as SECRETARY OF LABOR,<br><br>       *Defendants*. | Case No. 22-cv-01551-CRC<br><br>Hon. Christopher R. Cooper<br><br>**ORAL ARGUMENT REQUESTED** |

**PLAINTIFF FORUSALL, INC.'S MOTION FOR ENTRY OF ORDER OF DISMISSAL, OR, IN THE ALTERNATIVE, TO STRIKE DEFENDANTS' REPLY**

1. Defendants' Reply Memorandum in Support of Their Motion to Dismiss, Dkt. 13 ("Reply"), makes at least five key concessions, *see infra* at ¶ 3, which provide the Court with the opportunity to resolve this case right now, simply by ordering that Defendants are bound by these concessions and dismissing the case, as set forth in the attached Proposed Order.

2. It would be manifestly unjust to allow Defendants to make representations to the Court to secure dismissal of this lawsuit without being bound by those representations. Indeed, Defendants' Reply did not dispute that, "[i]n the event that the Court accepts Defendants' position and dismisses the lawsuit . . . the Court [should] make explicit that any such dismissal is 'in reliance upon the Departments' binding representations' . . . ." Dkt. No. 11 at 27 (quoting *Wheaton Coll. v. Sebelius*, 703 F.3d 551, 552 (D.C. Cir. 2012) (per curiam)).[1]

---

[1] It would also be completely antithetical to Defendants' now-professed interest in "improv[ing] transparency," Reply at 22, for Defendants to take positions in public court filings in order to evade judicial review of their actions and then refuse to abide by those positions in connection with investigations or enforcement actions.

1

3. The material representations in Defendants' Reply that are included as conditions of dismissal in the attached Proposed Order are:

   a. The Release is "not . . . binding." Reply at 13, 18.

   b. The Department of Labor will not "predicate[]" "any enforcement action . . . on the Release." Reply at 13.

   c. "[A]llowing investments in cryptocurrency [does not] violate[] a fiduciary duty" and "Plan fiduciaries are free to offer cryptocurrency investment vehicles that comply with their obligations, including the duty of prudence . . . ." Reply at 12, 19 n.7.

   d. There is no heightened standard of care beyond "the ordinary duty of prudence" applicable to decisions to include cryptocurrency. Reply at 11.

   e. The Department of Labor has not "imposed" an "obligation" to "monitor" "cryptocurrency investment options in brokerage windows." Reply at 15-16.

4. The prompt entry of the attached Proposed Order will "secure the just, speedy, and inexpensive determination of [this] action." Fed. R. Civ. P. 1.[2]

5. In the event that the attached Proposed Order is not entered in substantially identical form, Plaintiff does not consent to the dismissal of this case and, in the alternative, moves to strike Defendants' Reply insofar as it takes positions for which they refuse to be bound, *see supra* at ¶ 3, and impermissibly raises new arguments or relies on material outside the pleadings, including:

   a. Relying on EBSA's Enforcement Manual to argue that the "investigative program" described in the Release is "a routine EBSA practice" and "nothing out of the ordinary." Reply at 4 n.1.

   b. Arguing that "cryptocurrency's recent market performance" affects redressability. Reply at 8.

   c. Asserting that the Release's use of the term "extreme care" in a document

---

[2] Although it is unfortunate that Defendants decided they were unwilling to pursue a consensual resolution of the issues in this lawsuit either before or after it was filed, *see, e.g.*, Reply at 22 n.9 (declining ForUsAll's invitation to attempt to "work[] out a stipulation" through mediation), in the interest of "the just, speedy, and inexpensive determination" of this action, the attached Proposed Order provides that all parties will bear their own fees and costs in connection with this case.

      setting forth purported legal standards was "merely [a] colloquial usage." Reply at 11.

    d. Insinuating that multiple reporters inaccurately "paraphrase[d] or interpret[ed]" statements given by Department of Labor officials in interviews. Reply at 15-6 & n.6, 21.

    e. Claiming that the omission of a disclaimer that the Release did not have the force of law was "a function of [a] change in Departmental procedural rules, rather than a signal of binding intent." Reply at 17.

    f. Disputing allegations in the complaint because they purportedly "conflict with the incorporated press articles . . . and should be ignored." Reply at 21.

6. As an alternative to striking Defendants' Reply, the Court may grant Plaintiff leave to file a surreply, which Plaintiff proposes be limited to 10 pages and due within two weeks of any order granting Plaintiff leave to file a surreply.

7. On October 26, 2022, counsel for Plaintiff provided counsel for Defendants with a copy of the attached Proposed Order and a draft of this Motion. Subsequently, Defendants asked Plaintiff to "represent that the government opposes plaintiff's motion and will respond to that motion at the appropriate time."

Dated: October 31, 2022

Respectfully submitted,

GROOM LAW GROUP, CHARTERED

*/s/ Edward J. Meehan*
Edward J. Meehan (D.C. Bar No. 413993)
David Levine (D.C. Bar. No. 463560)
Kevin L. Walsh (D.C. Bar. No. 990291)
Samuel I. Levin (D.C. Bar. No. 1044774)
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006
Tel: (202) 857-0620
Fax: (202) 659-4503
E-mail: emeehan@groom.com

*Counsel for Plaintiff ForUsAll, Inc.*