**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FORUSALL, INC.,** | |
| *Plaintiff,* | Case No. 22-cv-1551 |
| **v.** | Hon. Christopher R. Cooper |
| **UNITED STATES DEPARTMENT OF LABOR** *et al.,* | |
| *Defendants.* | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF ORDER OF DISMISSAL OR, IN THE ALTERNATIVE, TO STRIKE DEFENDANTS' REPLY

In its Motion for Entry of Order of Dismissal, Plaintiff ForUsAll, Inc. effectively concedes that dismissing this case would be "just" and a "speedy[] and inexpensive determination" of this action.  ECF No. 14 ¶ 4 ("Mot."). Not going down without a fight, however, ForUsAll asks this Court to attach various conditions to its dismissal of the lawsuit. That is not the way this works. ForUsAll cannot bring a lawsuit over which the Court lacks jurisdiction and then turn around and request that the Court "retain jurisdiction" (that it does not have) to bind Defendants in perpetuity. Proposed Order, ECF No. 14-1 ¶ 3. By that logic, any plaintiff could file suit and, upon receiving defendant's response explaining why the court lacks jurisdiction or why plaintiff has failed to state a claim, ask the court to enter a consent decree, or order various other forms of relief, notwithstanding that there is no Article III jurisdiction or a valid claim in the first place. ForUsAll's requested relief is even more remarkable because it relies upon an

aggressive re-casting of Defendants' representations—representations which speak for themselves and by which Defendants stand.

The alternate relief that ForUsAll requests is equally without merit. There is no mechanism or basis to strike Defendants' reply brief, and ForUsAll has not justified the filing of a sur-reply.

In short, the parties now all agree that this case should not proceed further. The Court should grant Defendants' pending motion to dismiss and reject ForUsAll's effort at a tactical retreat.[1]

## ARGUMENT

### I.   The Case Should Be Dismissed Without Entering ForUsAll's Proposed Order.

ForUsAll's proposed order is flawed for several reasons.

*First*, the Court lacks subject-matter jurisdiction to enter an order regarding the merits of ForUsAll's claims. As Defendants explained in their motion to dismiss, ForUsAll has failed to establish that it has standing to raise its claims. *See* ECF No. 10-1 at 10-18; ECF No. 13 at 1-10. "Article III standing is a jurisdictional requirement that cannot be waived by the parties." *Cherry v. FCC*, 641 F.3d 494, 497 (D.C. Cir. 2011). Because ForUsAll lacks standing, this Court lacks jurisdiction to enter an order purporting to bind the Department of Labor ("Department") to ForUsAll's interpretation of the Release or to maintain jurisdiction to enforce the terms of such an order. *See Steel Co. v. Citizens for a*

---

[1] ForUsAll has requested oral argument on Defendants' motion to dismiss and Plaintiff's motion for entry of order of dismissal. *See* ECF No. 11 at 1; Mot. at 1. Defendants stand ready to present argument and answer any questions that the Court may have, but defers to the Court whether argument is necessary in this case.

*Better Env't*, 523 U.S. 83, 94 (1998) ("when [jurisdiction] ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause"). It would be inappropriate for the Department to invite the Court to ignore Article III's limits.

*Second*, the proposed order does not accurately reflect the Department's positions. The motion identifies five so-called "key concessions" or "material representations" that the Department supposedly made in its reply brief, Mot. ¶¶ 1, 3, which the proposed order then repeats, *see* Proposed Order ¶ 1. But as ForUsAll's liberal use of ellipses and brackets indicates, the Department did not make these statements or, in certain instances, anything close to them. These statements are ForUsAll's interpretations of the Department's brief or declarations that ForUsAll wishes that the Department had made.

For example, ForUsAll claims that the Department stated that "'[A]llowing investments in cyptocurrency [does not] violate[] a fiduciary duty.'" Mot. ¶ 3(c) (citing ECF No. 13 at 12, 19 n.7) (alterations in original); *see* Proposed Order ¶ 1(c). What the Department actually said was: "[i]t [the Release] does not say … that allowing investments in cryptocurrency violates a fiduciary duty." ECF No. 13 at 12. Denying that the Release makes a particular statement, however, is not equivalent to endorsing the opposite point. Indeed, both the Release and the briefs highlight that whether offering cryptocurrency investment options complies with a fiduciary's duties of prudence and loyalty depends on the specific circumstances in a given situation. *See, e.g.*, ECF No. 10-1 at 23 ("the Release does not resolve whether or under what circumstances offering cryptocurrency investment options represents a breach of the duty of prudence"); ECF No. 10-2 at 3 (indicating that plan fiduciaries "should expect to be questioned about how

they can square their actions with their duties of prudence and loyalty"); ECF No. 13 at 19 n.7 ("the Release contemplates plan-specific investigations"). ForUsAll's paraphrase is not consistent with the Department's briefs or the Release.

Even more problematic is ForUsAll's assertion that Defendants have stated that "[t]he Department of Labor has not 'imposed' an 'obligation' to 'monitor' 'cryptocurrency investment options in brokerage windows.'" ECF No. 14 ¶ 3(e) (citing ECF No. 13 at 15-16); *see* ECF No. 14-1 ¶ 1(e). The Department made no such statement in the Release or in its briefs. Rather, one of the main reasons why the Release is not final agency action is because the Release does not take a "definitive position" vis-à-vis the details of plan fiduciaries' responsibilities regarding brokerage windows. ECF No. 13 at 12. ForUsAll nevertheless combines pieces of different sentences to suggest the opposite. What is worse is that many of those words are quotations of other parties' statements and appear in the reply brief only to refute arguments ForUsAll made in its opposition based on incorrect attribution of those statements to the Department. *See id.* at 15-16 & n.6. The Department's statements stand on their own, and ForUsAll's efforts to offer its interpretations in place of the Department's own words, in context, is unhelpful.

*Third*, the proposed order is unnecessary. Contrary to ForUsAll's contentions (at ¶ 2 & n.1), the Department stands by the statements it actually made in the brief. The case law is well-developed as to when and to what extent such statements are binding on the government. *See, e.g., Cty. of San Miguel v. Kempthorne*, 587 F. Supp. 2d 64, 73 (D.D.C. 2008) (judicial estoppel); *ATC Petroleum, Inc. v. Sanders*, 860 F.2d 1104, 1111 (D.C. Cir. 1988) (equitable estoppel). And it is equally clear as to when and under what circumstances the

government may modify its position. *See, e.g., FCC v. Fox TV Stations, Inc.*, 556 U.S. 502, 515-16 (2009). The proposed order is not needed to protect anyone's interests.

*Finally*, ForUsAll's suggestion that the Court maintain jurisdiction to enforce the proposed order would work great mischief for both the Court and the Department. Most significantly, it would put the Court in the position of policing any modifications the Department makes in its approach to cryptocurrency investment offerings for an indefinite period of time. That could lead to the Court being asked to interfere with agency enforcement proceedings in ways contrary to the separation of powers, and to the agency being handcuffed in its response to rapidly changing circumstances. Moreover, it is unclear from the proposed order whether the ongoing supervision would be limited to ForUsAll's interactions with Defendants or if any party could plausibly invoke the order and the Court's jurisdiction to delay consequences for breaching its fiduciary duties.

Contrary to ForUsAll's suggestions (at ¶ 2), *Wheaton College v. Sebelius*, 703 F.3d 551 (D.C. Cir. 2012), does not require the Court to enter this quagmire.  The D.C. Circuit concluded in that case that a challenge to certain rules was not ripe, in part, because the government represented that new rules were forthcoming and, in the meantime, the rules would not be enforced against the challengers. *Id.* at 232-33.[2] Here, the Department is not asking the Court to forgo ruling on its motion to dismiss because a forthcoming agency action will change the legal landscape. It is instead ForUsAll that is trying to avoid the Court's decision and, in doing so, asking the Court to do much more than receive status

---

[2] Once the new rules issued, the case was remanded and dismissed as moot. *See, e.g., Wheaton Coll. v. Sebelius*, 2013 WL 5994617, at *1 (D.D.C. Aug. 19, 2013).

reports for a finite period of time.  This case is categorically different from *Wheaton*, and because ForUsAll's proposed order is legally improper and unwise, the Court should address the pending motion to dismiss without entering the proposed order.

## II. The Pending Motion To Dismiss Should Be Decided On The Submitted Briefs.

ForUsAll's request (at ¶¶ 5-6) that the Court strike the Department's reply brief or, alternatively, grant ForUsAll permission to file a 10-page surreply based on the Department supposedly "rais[ing] new arguments" and "rel[ying] on material outside the pleadings" should be rejected as meritless.

As a threshold matter, a motion to strike under Rule 12(f) is not appropriately directed toward a reply brief because it is not a pleading.  *Abbott GmbH & Co. v. Yeda Res. & Dev. Co.*, 2006 WL 8427271, at *2 (D.D.C. July 17, 2006). Even if the Court were to entertain such a request under its inherent powers, such motions are disfavored, *Henok v. Chase Home Fin., LLC*, 925 F. Supp. 2d 46, 52 (D.D.C. 2013), and there is no basis for striking the Department's brief here. ForUsAll does not identify anything "impertinent" or "scandalous" in the brief, and its request for a surreply undermines any attempt to claim the brief is "redundant" or "immaterial." Fed. R. Civ. 12(f). The reply brief advances the same arguments—that ForUsAll lacks standing, that the Release is not final agency action, and that notice and comment was unnecessary—as the motion to dismiss and explains why ForUsAll's counters to those arguments lack merit.  *Compare* ECF No. 10-1 at i *with* ECF No. 13 at i.  In other words, the reply brief "is entirely consistent with the purpose of a responsive brief." *Abbott*, 2006 WL 8427271, at *2 n.4; *see Flyers Rights Educ. Fund, Inc. v. FAA*, 864 F.3d 738, 748 n.6 (D.C. Cir. 2017) (noting that it "is not an

uncommon occurrence" for "the manner in which [a party] substantiated [its] argument [to] evolve[] from its opening to reply brief" and that "[w]hat matters is that the core of [the] argument … remained the same"); *Lightfoot v. Dist. of Columbia*, 2006 WL 53330, at *1 n.2 (D.D.C. Jan. 10, 2006). There is thus no basis to strike it.

Nor has ForUsAll presented sufficient justification for being granted permission to file a surreply.  Surreplies, like motions to strike, are "generally disfavored," *Glass v. Lahood*, 786 F. Supp. 2d 189, 231 (D.D.C. 2011), and they should be permitted only where the Court concludes that "the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply," *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). "In exercising its discretion, the district court should consider whether the movant's reply in fact raises arguments or issues for the first time; whether the non-movant's proposed surreply would be helpful to the resolution of the pending motion; and whether the [non-movant] would be unduly prejudiced were leave to be granted."  *Glass*, 786 F. Supp. 2d at 231.[3] ForUsAll's request fails this test.

For starters, the reply brief does not raise new matters. None of the alleged "new arguments" cited in the Motion (at ¶ 5) "expand the scope of the issues presented" or provide a new basis, on their own, to dismiss the complaint. *Shea v. Clinton*, 2012 WL

---

[3] Surreplies are a "special dispensation" that can be filed only with the Court's leave. *Nichols v. Vilsack*, 2014 WL 12941692, at *1 (D.D.C. May 29, 2014). They cannot be used to inject new issues into the case.  *See Glass*, 786 F. Supp. 2d at 231. Because ForUsAll has not provided the Court with a proposed surreply or otherwise indicated what its response to the alleged new matters would be, the Court in its discretion may deny the motion as inadequately supported.

13075787, at *1 (D.D.C. Dec. 7, 2012).  They simply "amplify" the arguments raised in the opening motion, *Glass*, 786 F. Supp. 2d at 231, or "fall 'within the scope of the matters the opposing party raised in opposition," *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 188 (D.D.C. 2012). Indeed, the paragraphs in which most of these alleged "new arguments" appear expressly identify the arguments in ForUsAll's brief, by page number, to which they are responding. *Compare, e.g.*, Mot. ¶ 5(a), (b), (c), and (e), *with* ECF No. 13 at 3-4 & n.1, 7-8, 11, 17. And contrary to the Motion's characterization in paragraph 5(d) and (f), the reply brief takes issue with *ForUsAll*'s pattern of inaccurately attributing reporters' and other parties' words to Department officials, *see also* p. 4, *supra*—not the articles themselves. Surreplies are not justified simply because a party disagrees with the other side's arguments, and not having the last word, by itself, is not prejudicial—otherwise "surreplies would be the norm." *Shea*, 2012 WL 13075787, at *3. Granting ForUsAll leave to file a surreply here would lead only to "an endless volley of briefs." *Id.* at *2.  The motion should be denied.

## CONCLUSION

For the reasons above, the Motion should be denied.

Dated: November 14, 2022                    Respectfully submitted,

                                            BRIAN M. BOYNTON
                                            Principal Deputy Assistant Attorney General

                                            BRAD P. ROSENBERG
                                            Assistant Branch Director

                                            */s/ Christopher A. Eiswerth*
                                            Christopher A. Eiswerth (D.C. Bar No. 1029490)
                                            Trial Attorney
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L Street, NW, Rm. 12310
                                            Washington, DC 20005
                                            Tel: (202) 305-0568
                                            Email: christopher.a.eiswerth@usdoj.gov

                                            *Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FORUSALL, INC.,**

*Plaintiff,*

**v.**

**UNITED STATES DEPARTMENT OF LABOR** *et al.*,

*Defendants.*

Case No. 22-cv-1551

Hon. Christopher R. Cooper

## [PROPOSED] ORDER

Upon consideration of Plaintiff ForUsAll, Inc.'s Motion for Entry of Order of Dismissal Or, In The Alternative, Motion To Strike, it is hereby

ORDERED that the Motion is DENIED.

SO ORDERED this __ day November, 2022.

_____
Christopher R. Cooper
United States District Judge

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing document with the Clerk of the Court through

the CM/ECF system on November 14, 2022. This system provided a copy to and

effected service of this document to all parties.


/s/ Christopher A. Eiswerth

CHRISTOPHER A. EISWERTH
Trial Attorney (DC Bar #1029490)
United States Department of Justice
Civil Division, Federal Programs Branch